## No. 977.

### STATE OF LOUISIANA VS. GREEN RED, ALIAS GREEN REDDING.

Act No. 7 of the Legislature of 1880, providing for the fixing of the first terms of the District Courts under the Constitution of 1879, construed as suspending, for those terms of Court the operation of that part of Act No. 44 of 1877, which required the drawing of the jury fifty days before the session of the Court.

This Court cannot take cognizance of objections urged by the Appellant for the reversal of the verdict of the jury and judgment of the Court below, unless those objections have been incorporated in a Bill of Exceptions, which must be precise and explicit, and not to be aided by inferences, in default of which the presumption is that no error has been committed.

APPEAL from the Fifth Judicial District Court, parish of Ouachita. *Richardson*, J.

---

F. G. Hudson, District Attorney, for the State, Appellee.

J. T. Strother for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. Green Red, who has been indicted, convicted on a charge of murder, and sentenced to death, seeks on appeal to reverse the verdict of the jury and the judgment of the lower court, on the following grounds:

First. That the grand jury which found the indictment, and the petit jury which tried the case, were taken from a venire drawn in less than fifty days before the session of the court at which the accused was indicted and tried, as required by Act No. 44 of 1877.

Second. That the judge of the lower court erred in ordering talesmen jurors to be summoned for the trial of the cause, for the reason that twelve jurors of the regular venire, empaneled to try another case, were in an adjoining room deliberating on a verdict, and that, therefore, the panel was not exhausted so as to justify the summoning of talesmen.

Third. That the accused objected to the introduction in evidence of his voluntary declaration made before, and taken down in writing by, the parish judge, acting as committing magistrate, because the document did not show affirmatively by the certificate of the magistrate that the accused had made his declaration without threats of punishment, hope of reward, or other improper inducements.

1. The accused urged his objection to the manner of drawing the jury by a motion to quash the indictment, and by a challenge to the array. The venire shows that the jury was drawn by virtue of, and in obedience to, Act No. 7 of the Legislature, approved February 20th, 1880, which provides for a term of the District Court for the parish of Ouachita, to be held on the first Monday of April of this year, and requires that it shall be a jury term; it further requires that a jury be drawn for that term, according to existing laws.

Now, as Act No. 44 of 1877 was the only law then existing directing the mode of drawing juries in the State, and because that act requires the performance of that duty at least fifty days before the next term of the District Court, counsel for accused contends that the jury, in this case drawn on the 27th of March, for a term of the court, and to begin on the 5th of April following, was illegal and null, as the drawing thereof was in violation of that provision of Act No. 44 of 1877.

The Legislature, in enacting a law on the 20th of February, ordering terms of court to be held in certain parishes in this State on the first Monday of April following, knew that its act could become operative in any and all of these parishes only twenty days after promulgation, and that no drawing of juries thereunder could take place fifty days before the session of such courts, and yet the act positively orders the drawing of juries for all such terms of court.

We cannot adopt an interpretation or construction of the law which places the Legislature in an attitude of stultifying itself by requiring the performance of acts rendered impossible by the very nature of things.

Such a construction is repugnant to all precedents, and condemned

by our jurisprudence, which discountenances an interpretation which would defeat the object of a statute.

The evident object of this statute was to establish terms of the District Courts in the State, to begin with a jury term for certain parishes on the first Monday of April of this year.

The interpretation contended for by counsel for the accused would have defeated that object of the statute which required a jury term of the District Court in Ouachita parish on the first of April last.

We are, therefore, compelled to conclude that the Legislature intended for those jury terms of court to suspend the operation of that part of the act of 1877 which required the drawing of the jury fifty days before the session of the court.

If any doubt could remain on the mind, it is easily dispelled by a mere reference to the repealing clause of the act, which repeals all acts in conflict therewith. The objection to the legality of the jury is, therefore, untenable, and we rule that the jury was legally drawn in compliance with Act No. 7 of 1880.

The other two grounds of error are incorporated in a document purporting to be a bill of exceptions, which is signed by the District Judge, in which it is related that counsel for the accused objected to the swearing in of talesmen as jurors, on the ground that the panel was not exhausted, and that there were other jurors of the regular venire deliberating on a verdict in another cause.

It is further related in that document that the accused objected to the introduction as evidence of his voluntary declaration taken before the parish judge, because the certificate of that officer failed to show that no threats, promises, or other inducements were used to draw out the declaration.

But nothing in the instrument or in the record informs us whether the objections of the accused were sustained or overruled by the judge; neither does the document contain any of the reasons given by the judge for his ruling, as it may have been.

And, besides, the voluntary declaration objected to was not attached to the document styled a bill of exceptions, and is not even to be found in the transcript.

For all of which reasons we can take no cognizance of the objection urged by the accused in this form, which objections should have been incorporated in a bill of exceptions, which must be precise and explicit, not to be aided by inference, in default of which the presumption is that no error has been committed. We see no error in the proceedings, and we shall not disturb the verdict of the jury and the sentence of the court.

It is therefore ordered, adjudged, and decreed that the verdict of

State vs. Green Red, alias Green Redding.

the jury be maintained, and that the judgment of the lower court be affirmed.

---

### CONCURRING OPINION.

Todd, J. I concur in the decree just rendered ; but I think that the objections made to the bill of exceptions taken to the ruling of the judge *a quo* touching the talesmen jurors are not tenable. The very fact that such bill was presented and signed is conclusive to my mind that the ruling of the judge was adverse to the accused. The consent of the opposite counsel must be presumed, considering the silence of the bill as to any objection made by them, and the fact to be presumed, that the bill was read and signed in their presence and in open court. I think, too, that it is sufficient that the bill should show the objections made to the motion filed, and that the judge can, if he chooses, add the reasons for his ruling, but that it is not *sacramental* that the reasons for the ruling should appear in the body of the bill, where the objections are distinctly set forth. I concur in the opinion as to that part of the bill that relates to the voluntary declaration of the accused on his preliminary examination, and I concur in the decree because I think there was no force in the objections made touching the empaneling of the talesmen jurors.